THE STATE OF MONTANA ON THE RELATION OF RUDOLPH POLISH, RELATOR, v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF POWELL, AND SID G. STEWART, THE JUDGE THEREOF, RESPONDENTS.

No. 11950.
Submitted Nov. 18, 1970.
Decided Dec. 18, 1970.
478 P.2d 270.

William R. Taylor, argued, Deer Lodge, for relator.

Maurice Maffei, argued, Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Relator sought a writ of review of a judgment holding him guilty of contempt entered in the district court.

Following ex parte presentation of relator's petition an order for the issuance of a writ of review was entered. Thereafter briefs were filed, counsel was heard in oral argument and the district court transcript and file were presented. From this record the facts leading to the contempt charge appear to be these:

Mrs. Annette Ryan served as a juror in Powell County district court and during the jury term she sat on the case of Harriet Elberson Free v. Paul Elberson and Deer Lodge Bank & Trust Company. A verdict against the defendant bank was delivered in that case on April 28, 1970.

Thereafter an attachment was levied on the Ryans' joint wife and husband checking account in the Deer Lodge Bank & Trust Company which rendered a zero balance in the account and on July 9, 1970 Mrs. Ryan sought to arrange coverage of their outstanding checks with the bank. Mrs. Ryan averred that the relator, who is president of the Deer Lodge Bank & Trust Company, approached her in the lobby of the bank and stated he was very unhappy with her and her husband for their action as jurors in the Elberson case, and neither the Ryan family or any other juror who voted against the bank in the Elberson case could expect to do business with the bank in the future.

Relator admitted telling Mrs. Ryan that he was unhappy with her and her husband's vote as jurors in the Elberson case, (both were jurors in that case) but he denied stating as the bank's policy any refusal of future business with her family or any other juror.

Later Mrs. Ryan reported the alleged conversation to the district court, and Judge Sid G. Stewart ordered the county attorney to file contempt proceedings against Polish. At the hearing on the order to show cause before the district court Mrs. Ryan testified she received courteous treatment from all bank officers and employees (with the exception of relator) before and after the conversation with relator on the 9th of

July; that following the conversation with the relator, she closed the joint account of herself and her husband and opened a new account in her own name. Other jurors in the Elberson case testified they had secured loans and conducted business in a normal manner with the bank since the verdict was rendered in that case.

The illegality of attempting to interfere with judicial process by threatening a juror is found in section 93-9801(9), R.C.M.1947. It provides:

"The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: * * * 9. Any other unlawful interference with the process or proceedings of a court."

The question in the present case is whether or not the charge of contempt under section 93-9801(9), R.C.M.1947 is supported by the evidence. That is, did the alleged conversation between Mrs. Ryan and Polish constitute an unlawful interference with judicial process as contemplated by the Montana statute?

In 1916, this Court was faced with a case in which contempt charges were brought against the author of an article appearing in a newspaper for his "tirade of vilification" directed at a county attorney, county commissioners and a district judge in relation to a decision in a certain case. The article charged the county commissioners with looting the treasury and suggested the district judge was in cahoots with them. The author of the article was found guilty of contempt in district court, but on a writ of certiorari to the Supreme Court the affidavit was found not to state facts sufficient to constitute contempt. The judgment of the district court was annulled in that case with these words:

"Any publication which tends to interrupt the due course of judicial administration deserves rebuke. But our Constitution provides: 'No law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject, being responsible for all

abuse of that liberty.' " State ex rel. Metcalf v. District Court, 52 Mont. 46, 53 to 54, 155 P. 278, 280.

Following this, the Supreme Court of Kansas was cited approvingly as follows:

" 'No judge, and no court, high or low, is beyond the reach of public and individual criticism. After a case is disposed of, a court or judge has no power to compel the public, or any individual thereof, attorney or otherwise, to consider his rulings correct, his conduct proper, or even his integrity free from stain, or to punish for contempt any mere criticism or animadversion thereon, no matter how severe or unjust.' " State ex rel. Metcalf v. District Court, supra, 52 Mont. at 55, 155 P. at 281.

In the present cause, the verdict in the Elberson case was rendered on April 28, 1970 and a motion for a new trial was denied on June 17, 1970. These facts demonstrate the Elberson case had been disposed of long before the alleged conversation between Mrs. Ryan and Polish took place. Bearing in mind the rule established by State ex rel. Metcalf v. District Court, supra, this conversation, even if true as related by Mrs. Ryan, cannot be an interference with judicial process which constitutes contempt. A court, of which the jury is a part, is not above individual criticism when a case is disposed of; therefore Polish's critical opinion of the decision in the Elberson case twenty-two days after its final disposition is sanctified by the freedom of speech guaranty of our Constitution.

The charge of contempt is not supported by the evidence and the judgment of the district court is annulled.

MR. JUSTICES CASTLES, JOHN C. HARRISON, HASWELL and DALY, concur.